UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW JOHN PLUCINIK,

    Petitioner,

v.                                               CASE NO. 6:06-cv-486-Orl-31KRS

JAMES MCDONOUGH, et al.,

    Respondents.
_____

### **ORDER**

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1) challenging his nolo contendere plea. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 8) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 15) to the response.

*Procedural History*

Petitioner was charged by information with sexual battery on a person less than twelve years of age. On March 6, 2003, he pled nolo contendere to attempted capital sexual battery. On June 30, 2003, Petitioner was sentenced to a twenty-year term of imprisonment, followed by a ten-year term of sex offender probation.

Counsel for Petitioner filed a notice of appeal, an *Anders*[1] brief, and a motion to withdraw. The Florida Fifth District Court of Appeal granted the motion to withdraw, and Petitioner filed a *pro se* appellate brief. The appellate court *per curiam* affirmed Petitioner's conviction and sentence, *Plucinik v. State*, 871 So. 2d 897 (Fla. 5th DCA 2004), and his subsequent motions for rehearing and motion to recall mandate were all denied.

Petitioner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court, seeking review of one of the appellate court's orders denying a motion for rehearing in his direct appeal. The Florida Supreme Court dismissed the petition for lack of jurisdiction. *Plucinik v. State*, 881 So. 2d 1113 (Fla. 2004).

Petitioner next filed a motion for modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The state trial court dismissed the motion for lack of jurisdiction. Petitioner filed a petition for writ of certiorari in the Florida Fifth District Court of Appeal seeking review of the trial court's order. The appellate court denied the petition without prejudice to Petitioner's right to file a renewed Rule 3.800(c) motion after he sought and obtained recall of the mandate issued on direct appeal. *Plucinik v. State*, 885 So. 2d 478 (Fla. 5th DCA 2004).

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the state trial court denied. The denial was *per curiam* affirmed on appeal. *Plucinik v. State*, 912 So. 2d 1247 (Fla. 5th DCA 2005). Petitioner filed a notice to

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

invoke the discretionary jurisdiction of the Florida Supreme Court, which was dismissed for lack of jurisdiction. *Plucinik v. State*, 918 So. 2d 292 (Fla. 2005).

Petitioner also filed a petition for writ of habeas corpus in the state appellate court alleging ineffective assistance of appellate counsel. The petition was denied on the merits. Petitioner filed a motion for clarification that was also denied.

Petitioner filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the state trial court denied. Petitioner's subsequent motion for rehearing was also denied. The appellate court *per curiam* affirmed the trial court's decision and denied Petitioner's motion for rehearing.

*Petitioner's Claim*

Petitioner contends that his "initial voluntary plea violates the Sixth and Fourteenth Amendments." (Doc. No. 1 at 6.) According to Petitioner, his plea was rendered involuntary because: (1) the State did not adhere to the plea agreement when he was not sentenced according to the Sentencing Guidelines; (2) the guidelines scoresheet used in his case was unconstitutional; and (3) the trial court improperly scored a prior conviction when adjudication had been withheld.[2]

---

[2] Although Petitioner has included all of the allegations under one claim, for ease of discussion, the Court will address the allegations as three separate claims.

*Claim One*

Petitioner first argues that his plea was rendered involuntary because the State violated the plea agreement when he was not sentenced according to the Sentencing Guidelines.

Respondents contend that this claim is procedurally barred because the state courts found that it was waived by his plea agreement. The flaw in this argument is that the record does not reflect that this particular claim was raised in Petitioner's Rule 3.850 motion or addendum. The original motion appears to have raised one claim - that he was entitled to resentencing under *Heggs v. State*, 759 So. 2d 620 (Fla. 2000).[3] The addendum added two claims - ineffective assistance of counsel for failing to object to the use of the 1995 scoresheet (claim two) and for failing to object when the State asserted that the sentencing guidelines had been waived (claim three). Petitioner did not assert that his plea was involuntary, the basis of the instant claim. Thus, Respondents' basis for a procedural bar is incorrect.

Petitioner entered into a written plea agreement pursuant to which he agreed to enter a plea of nolo contendere to attempted capital sexual battery. (App. A at 46-47.) The handwritten portion of the plea stated as follows:

> (Conditional plea) Adjudicate guilty; 5 years of prison to 25 years prison; balance on probation (sex offender); Standard fines & costs; waive right to

---

[3]Respondents have failed to include the original motion in the record; however, the substance of the claim is outlined in the trial court's May 31, 2005, order. *See* App. BB at 2. In the future, Respondents shall ensure that the record filed with the Court is complete.

> appeal including 3.800/3.850 & direct appeal; waive right to sex[ual] predator hearing; No contact with victim.

*Id.* at 46. In addition, the preprinted standard language on the plea form states:

> I understand that my sentence will be imposed under the Sentencing Guidelines that apply to my case, unless I qualify for enhanced penalties under Fla. Stat. ch. 775, or other statutes. If no enhanced sentence is requested or applies, I understand that the court can impose a sentence exceeding the guideline range only by stating clear and convincing reasons, under the guidelines law. If the court does impose a sentence exceeding the guidelines range, I will have the right to withdraw my plea(s) or appeal the sentence, unless enhanced penalties apply and are lawfully imposed.

*Id.*

At the plea colloquy in state court, Petitioner was clearly advised that he was facing a prison sentence in the range of five to twenty-five years in addition to a term of sex-offender probation, with a total cap of thirty years. (App. A at 3-4, 7-8.) In fact, after the state trial judge explained the potential sentencing range, the following exchange transpired:

> THE DEFENDANT: You say that the cap is anywhere between five and 10 years?
>
> THE COURT: I can't sentence you to more than 25 years in State Prison. The range I have is five to 25, but I can add probation on the back end to make up the difference to the 30 years. That is the statutory maximum.
>
> As far as prison time, it's five to 25. And there probably will be some probation on the back end. Prison can't exceed 25 and the whole probation can't exceed 30.

*Id.* at 7-8. At no time during the plea colloquy did anyone, including Petitioner, mention the application of the sentencing guidelines in relation to calculating his sentence.

Under oath, Petitioner stated that he had signed and understood the plea agreement. The plea agreement set forth the rights he was giving up by entering the plea, and he stated

5

at the hearing that he had been through the agreement with his attorney and that he had no questions about the plea agreement. (App. A at 8-10.) In addition, Petitioner acknowledged that he understood the statutory maximum penalty and the sentence he was facing under the plea agreement. *Id.* at 7-8

Petitioner contends that his due process rights have been violated because the "State will not adhere to the plea-agreement, as stated on the plea-agreement form . . . ." (Doc. No. 1 at 6.) According to Petitioner, his plea agreement was for a sentence between five and twenty-five years imposed according to the sentencing guidelines.

In support of his claim, Petitioner relies on the case of *Santobello v. New York*, 404 U.S. 257 (1971). In that case, the defendant entered into a guilty plea to a lesser included offense and the prosecutor agreed to make no recommendation as to sentence. *Id.* at 258. However, prior to sentencing, the prosecutor who negotiated the plea was replaced by another prosecutor. At sentencing, the new prosecutor recommended the maximum sentence, which the judge imposed. *Id.* at 259-60. The Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. Because the prosecutor's promise of no sentence recommendation was part of the inducement to enter a plea, the defendant's judgment was reversed. However, the Court remanded the case for a determination by the state court as to whether the petitioner was entitled to specific performance (i.e., resentencing by a different judge) or was entitled to withdraw his plea. *Id.* at 263.

This case is factually distinguishable from *Santobello*. The prosecutor in the instant case clearly abided by his obligations under the plea agreement. Petitioner was permitted to enter a no contest plea to a lesser-included offense and received a sentence within the range set forth in the plea agreement and specifically explained to him at the plea hearing.

As noted by the United States Supreme Court in the case of *Mabry v. Johnson*, 467 U.S. 504 (1984), the "Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty.  Here respondent was not deprived of his liberty in any fundamentally unfair way.  Respondent was fully aware of the likely consequences when he pleaded guilty; it is not unfair to expect him to live with those consequences now." *Id*. at 511.  Petitioner was fully aware of the likely consequences when he entered his plea in the instant case.  The sentence he received was the one for which he and the State bargained.  He has not demonstrated that the State in any manner reneged on the deal or failed to live up to its obligations.

Furthermore, Petitioner understood the charge against him and understood the direct consequences of his pleas.  He entered into the plea knowingly and voluntarily. These circumstances do not warrant a finding that his plea was involuntary or that his due process rights were violated.  *See Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) ("A reviewing court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so,

7

the guilty plea . . . will be upheld on federal review.") (internal quotation and citation omitted).

*Claim Two*

Petitioner also argues that his plea was involuntary and violated due process because the state sentencing guidelines scoresheet used in his case was unconstitutional. Essentially, Petitioner argues that because his sentence is based on the 1995 sentencing guidelines, which were subsequently declared unconstitutional, Florida law dictates that he is entitled to resentencing.

To the extent that this claim challenges Petitioner's plea, it is rejected for the reasons set forth in connection with the denial of claim one. To the extent that he contends that he is entitled to a new sentencing because the Florida Supreme Court declared the 1995 guidelines unconstitutional in *Heggs v. State*, 759 So. 2d 620 (Fla. 2000), such a claim involves only matters of state law and is not properly reviewable by a federal habeas court. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own

sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan,* 861 F.2d at 1508 (quoting *Willeford v. Estelle,* 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

*Claim Three*

Petitioner also appears to argue that his plea was involuntary and violated due process because a prior conviction was improperly scored after adjudication had been withheld. Again, to the extent that this is a challenge to Petitioner's actual plea, it is rejected for the reasons set forth in the discussion of claim one.

To the extent that Petitioner is raising the underlying challenge to his sentence, federal habeas relief does not afford him the relief requested. In essence, he argues that his sentence was improperly calculated, a province restricted to state law and not redressable in this Court. This conclusion is bolstered by the fact that Petitioner only raised this claim in state court through a Rule 3.800(a) motion. *See* App. RR at 2-3. Rule 3.800(a) is not the proper vehicle to challenge the *constitutionality* of a sentence; rather, a Rule 3.850 motion is the mechanism for determining whether a sentence was imposed in violation of the Constitution or laws of the United States or the State of Florida. *See State v. Smith*, 360 So. 2d 21, 23 (Fla. 4th DCA 1978).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

9

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Matthew John Plucinik is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 14th day of April, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 4/14
Matthew John Plucinik
Counsel of Record